## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RACHELLE LEVY,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| **v.** | : | **NO. 07-5502** |
| | : | |
| **KEYSTONE FOOD PRODUCTS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **VICTOR ESSES,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| **v.** | : | **NO. 08-1277** |
| | : | |
| **KEYSTONE FOOD PRODUCTS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **MELISSA VALLAS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| **v.** | : | **NO. 08-1554** |
| | : | |
| **KEYSTONE FOOD PRODUCTS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **August 27, 2008**

On December 27, 2007, Rachelle Levy brought a class action alleging that defendants deceptively misbranded their snack food products by representing them as healthy "low-fat" snacks, containing only 2.5 grams of fat and 120 calories per serving, when in fact the products contained significantly higher levels of fat and calories. Defendants have moved to dismiss Levy's amended complaint for failure to state a claim. After defendants filed their motion in <u>Levy v. Keystone, et al.</u>, two related class action

1

cases were transferred to this Court, <u>Esses v. Keystone, et al.</u>, Civ. A. No. 08-1277, and

<u>Vallas v. Keystone, et al.</u>, Civ. A. No. 08-1554.  Counsel in <u>Levy</u> have requested

consolidation of these cases, which state identical facts and claims.  Victor Esses and

Melissa Vallas filed a joint response to the pending motions to dismiss in their respective

cases.  Because the three pending motions to dismiss raise identical legal issues, I will

resolve them together here.  Based on the following discussion of those common issues, I

will grant defendants' motions to dismiss as to each of the three class actions.

I.      BACKGROUND[1]

        This is a consumer class action case brought under 28 U.S.C. § 1332 (d) of the

Class Action Fairness Act of 2005 and Pennsylvania's consumer protection laws.  In her

initial Complaint, plaintiff Rachelle Levy, a Florida resident, alleged that defendants

engaged in deceptive mislabeling of the snack food products "Pirate's Booty" and

"Veggie Booty," in a manner which vastly understated their true fat content and caloric

values in violation of the Pennsylvania Food Act, 31 Pa.S. § 20.9 (prohibiting

misbranding by making an untrue statement on a product's label), and the Pennsylvania

Unfair Trade Practices and Consumer Protection Law ("UTPLCPL").  Plaintiffs Victor

Esses (a citizen of New Jersey) and Melissa Vallas (also a New Jersey citizen) have also

raised claims based on the same alleged misbranding by defendants.  Plaintiffs claim to be

among of tens of thousands of consumers nationwide who purchased the subject products,

---

[1]I have accepted as true all factual allegations of the Amended Complaint.

which were marketed by defendant Robert's American Gourmet Food, Inc. ("Robert's

Food"), and manufactured, packaged and labeled by defendant, Keystone Food Products,

Inc. ("Keystone"), at all relevant periods.  The class action period begins in the late

1980s, continuing through January 2002.

In February 2002, Good Housekeeping magazine published the results of a study

that revealed higher fat and caloric content than advertised on Pirate's Booty and Veggie

Booty packaging.  During the relevant class period, the products' labels stated in their

required nutritional facts boxes, that a one ounce serving contained 120 calories and 2.5

grams of fat.  Under FDA regulations, a product containing less than three (3) grams of

fat per serving may legally be described and labeled as a "low-fat" food.  See 21 C.F.R. §

101.62.  In fact, plaintiffs allege that the Good Housekeeping Institute analyzed samples

of Pirate's Booty and found the product to contain 8.5 grams of fat per serving and 147

calories per ounce.  The results of private testing of Veggie Booty contained in the FDA's

file on Robert's Food revealed a fat content of three to four times the 2.5 grams stated on

the Veggie Booty label.  After Good Housekeeping published the results of its study, and

in response to the FDA's recommendation, Robert's Food recalled the allegedly

misbranded Pirate's Booty and Veggie Booty.  Since the 2002 recall, Pirate's Booty is

advertised to contain 5 grams of fat and 128 calories per serving; Veggie Booty is

advertised to contain 6 grams of fat and 130 calories per serving.

After the recall was announced, a number of class action lawsuits were filed,

3

among them <u>Klein v. Robert's American Gourmet, Food, Inc., et al.</u>, 808 N.Y.S.2d 766,

769 (N.Y. App. Div., 2d Dep't 2006), Index nos. 6956/02 and 4046/06, Supreme Court of

New York ("<u>Klein</u>"). On November 1, 2002, the parties to the <u>Klein</u> litigation agreed to

the settlement of a nationwide class. The settlement was approved by the trial court, but

remanded by the New York Appellate Division and eventually vacated in 2007, leading to

the filing of the present action.[2] The <u>Klein</u> court entered orders[3] enjoining further

litigation of the controversy for the entire class during the pendency of the settlement

determination, and providing for return of the parties to status quo ante should the

---

[2]<u>Klein</u> asserted causes of action for fraud, negligent misrepresentation, breach of express
warranty and false advertising under New York law. The intermediate appeals court held that the
trial court did not address the appropriateness of certifying a class of "all persons in the United
States" who purchased the subject products, in light of the fact that most of the plaintiff's claims
required proof of reliance (insufficient commonality among proposed class members) and the
lack of support for extending the territorial limitation of plaintiff's New York state law claims.
808 N.Y.S.2d at 774. The case was remanded, and subsequently transferred to New York
County under a transfer and consolidation order, where a different judge likewise found
commonality to be lacking in the proposed class due to the reliance issue, and found that the
territorial limitations of New York state law made class certification inappropriate. <u>Berkman v.
Robert's American Gourmet</u>, 841 N.Y.S.2d 825 (N.Y. Sup. 2007).
    Plaintiff Levy argues that the rulings relating to the territorial application of New York's
consumer protection law were the result of an "idiosyncratic" express limitation of its application
to the territorial boundaries of New York. <u>See Goshen v. Mut. Life Ins. Co.</u>, 98 N.Y.2d 314,
324-25 (N.Y. 2002) (holding that "[t]he reference in section 349(a) to the deceptive practices in
'the conduct of any business, trade or commerce or in the furnishing of any service <u>in this state</u>'
(emphasis added [by the Court]) unambiguously evinces a legislative intent to address
commercial misconduct occurring within New York"). Levy argues that Pennsylvania's
consumer protection law contains no such limitation.

[3]The orders issued by Justice Lally in the <u>Klein</u> settlement litigation ("Preliminary
Approval Order" of November 6, 2002, and "Final Order and Judgment" of January 10, 2003),
are attached as Exhibits P2 and P3 to plaintiff's Opposition. When the second trial court
declined to certify the settlement, plaintiff argues, the injunctions barring suits terminated, and
the parties were restored to the positions they were in as of the time of the settlement, and absent
class members in the <u>Klein</u> matter, such as Levy, Esses and Vallas, were able to file suit.

settlement not achieve finality.[4]  A threshold issue in deciding defendants' motions to dismiss in this case is therefore whether the Klein settlement orders tolled the statute of limitations for bringing the class actions presently pending before this Court.

In her Amended Complaint, Levy asserts three claims for relief on behalf of herself and a nationwide class of purchasers of Veggie Booty and Pirate's Booty: (1) a claim for statutory consumer deception damages under Pennsylvania's UTPCPL, (2) a claim for breach of express warranty, and (3) a claim of unjust enrichment.  These same claims are repeated verbatim in the complaints filed by Esses and Vallas.

Defendants have moved to dismiss on the grounds that: (1) the UTPCPL claims must be dismissed for lack of standing, untimeliness, failure to plead intent, and by

---

[4]The Preliminary Approval Order contained the following language:

> Pending final determination of whether the Settlement should be approved, plaintiffs, and all members of the Class, and each of them, and any of their respective representatives, trustees, officers, directors, agents, attorneys, heirs, affiliates, successors and assigns are barred from commencing or prosecuting any action asserting any claims, either directly or indirectly, representatively, derivatively or in any other capacity, against any defendant herein or defendants' affiliates or agents which are or relate to the settled claims as defined above.

(Opp'n Br., Ex. P2.)

The Final Order and Judgment contained a permanent injunction and bar order:

> 8.   Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any claims against the Defendants released in the Settlement Agreement (the "Settled Claims").  The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Defendants on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

(Opp'n Br., Ex. P3.)

5

application of the economic loss doctrine; and (2) plaintiffs' breach of express warranty and unjust enrichment claims must be dismissed as time-barred and for failure to sufficiently allege all of the elements of such claims.

## II.   RULE 12(B)(6) MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor.  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1164-65 (3d Cir. 1987).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).

A complaint should not be dismissed on a 12(b)(6) motion if the claim is adequately stated and if the factual allegations raise a right to relief "above the speculative level."  Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1965 (2007).  "A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely."  Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (internal quotations omitted).  However, "stating . . . a claim requires a complaint with enough factual matter

6

(taken as true) to suggest the required element." Id.  To state a claim, Federal Rule of

Civil Procedure 8(a)(1) "requires not merely a short and plain statement, but instead

mandates a statement showing that the pleader is entitled to relief." Phillips v. County of

Allegheny, et al., 515 F.3d 224, 234 (3d Cir. 2008).  A formulaic recitation of the

elements of a cause of action will not suffice.  "[T]here must be some showing sufficient

to justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-

35.  The issue, therefore, is not whether the plaintiff will ultimately prevail, but whether

the plaintiff is entitled to offer further evidence to support its claims.  Scheuer, 416 U.S.

at 236; see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In a 12(b)(6) motion, courts generally consider the allegations contained in the

complaint, exhibits attached to the complaint, and public records of which the court may

take judicial notice.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192,

1196 (3d Cir. 1993).

## IV.   DISCUSSION

A.      Statute of Limitations and the *Klein* Litigation

Defendants claim that the Klein orders did not toll the statute of limitations, and

that plaintiffs' claims are time-barred.[5]  Plaintiffs argue that the doctrine of equitable

---

[5]Levy filed suit on December 27, 2007, Esses filed on March 17, 2008, and Vallas filed
on April 1, 2008.  The statute of limitations under the UTPCPL is six years.  See Keller v.
Volkswagen of Am., Inc., 733 A.2d 642 (Pa. Super. 1999).  The statute of limitations for both the
breach of express warranty and unjust enrichment claims is four years in Pennsylvania.  See 42
Pa. Stat. Ann. § 2725(a) (express warranty); 42 Pa. Stat. Ann. § 5525(4) (unjust enrichment).
Without the application of a tolling doctrine, all of plaintiffs' claims are effectively time-barred.

tolling applies, preventing defendants from raising the statute of limitations.  The Third

Circuit recognizes the doctrines of equitable estoppel and equitable tolling to bar a

defendant from asserting a statute of limitations defense to prevent inequity or injustice.

Lake v. Arnold, 232 F.3d 360m 370 (3d Cir. 2000); United States ex rel. J.D.M. Materials

Co. v. Fireman's Fund Ins. Co., 1999 U.S. Dist. Lexis (E.D. Pa. 1999).  Courts have held

that an injunctive bar to bringing suit within the applicable statute of limitations period

warrants the application of equitable tolling.  United States for the use of Bernard Lumber

Co. v. Lanier-Gervais Corp., 896 F.2d 162 (5th Cir. 1990).

Alternatively, plaintiff asserts the so-called "American Pipe doctrine" prevents

defendants from raising the statute of limitations in this case.  See American Pipe &

Construction Co. v. Utah, 414 U.S. 538 (1974) (tolling of statute of limitations as to the

claims of erstwhile class members to file subsequent class actions); Crown, Cork & Seal

Co., Inc. v. Parker, 462 U.S. 345 (1983); McKowan & Co. v. Jasmine, Ltd., 295 F.3d 380

(3d Cir. 2002) (recognizing American Pipe to allow refiling of claims after class

certification is denied elsewhere for reasons other than a substantive finding that the

claims fail to qualify for certification pursuant to Rule 23).  I find that neither equitable

tolling, nor the American Pipe doctrine apply to plaintiffs' claims, insofar as they are

predicated on causes of action requiring proof of reliance.  These claims are time-barred.

Respecting plaintiff's UTPCPL claims, the Klein litigation did not result in a certification

denial that would bar tolling of the statute of limitations under American Pipe.  I must,

8

therefore, move to further consideration of the viability of plaintiffs' UTPCPL claims.

### 1.    *Equitable tolling*

The defendants argue that the <u>Klein</u> court issuing the injunctive orders purportedly barring plaintiff from suit within the statutory period lacked authority to so enjoin.  Under <u>Donovan v. Dallas</u>, 377 U.S. 408 (1964), state courts generally lack authority to enjoin litigants from seeking relief in federal court.  <u>See</u> <u>also</u> <u>General Atomic Co. v. Felter</u>, 434 U.S. 12 (1977) (<u>Donovan</u> applies "regardless of whether the federal litigation is pending or prospective").  Secondarily, defendants claim that equitable tolling is inappropriate in this case.

In the Third Circuit, the doctrine of equitable tolling applies in one of three primary situations: (1) where the defendant actively misled the plaintiff with respect to the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or, (3) where the plaintiff has mistakenly, but timely, asserted his or her rights in an improper forum.  <u>Lake v. Arnold</u>, 232 F.3d 360, 370 (3d Cir. 2000).  The Third Circuit has cautioned that the doctrine must be applied sparingly.  <u>See, e.g.</u>, <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998); <u>Seitzinger v. Reading Hosp. & Medical Ctr.</u>, 165 F.3d 236, 240 (3d Cir. 1990).

I agree with defendants that the injunction in the <u>Klein</u> case did not bar plaintiff from investigating and filing a case in federal court.  Nor is there any suggestion in the pleadings that Levy, Esses and Vallas even knew about the <u>Klein</u> orders enjoining class

members from bringing parallel suits.  As defendants suggest, plaintiffs seeks to use the equitable tolling doctrine as a "magic wand" (with an awfully wide sweep) to permit these actions to proceed indefinitely, outside the statutory period, until a favorable forum materializes.  I am not inclined to oblige plaintiffs in this pursuit.

       2.     ***American Pipe* doctrine**

As an alternative to equitable tolling, plaintiffs seek refuge in the American Pipe doctrine, which tolls the statute of limitations applicable to "erstwhile class members" where class certification is denied for reasons other than a substantive finding that the claims fail to qualify for certification under Rule 23.  See American Pipe, 414 U.S. 538 (1974); Crown Cork, 462 U.S. 345 (1983); McKowan Lowe & Co. v. Jasmine, Ltd., 295 F.3d 380 (3d Cir. 2002).  American Pipe was originally restricted to denial of certification based on the numerosity, and was later extended to cover the typicality requirement of Rule 23.  McKowan, 295 F.3d at 386 (citing Hass v. Pittsburgh Nat'l Bank, 526 F.2d 1083 (3d Cir. 1975).  The Third Circuit has only narrowly and deliberately focused the doctrine's expansion.  See, e.g., Yang v. Odom, 392 F.3d 97 (3d Cir. 2004); McKowan, 295 F.3d at 382.

The point of contention between the parties with respect to the application of American Pipe and progeny is whether or not the appellate court's decision to decertify, and the New York County court's decision not to certify, the Klein class action was a substantive Rule 23 finding on certification as to claims (as opposed to adequacy of class

10

members), barring application of American Pipe in this case.  See Berkman v. Robert's

American Gourmet, 841 N.Y.S.2d 825 (N.Y. Sup. 2007); McKowan, 295 F.3d at 380.

Plaintiffs claim the "stipulated Settlement Class was rejected on non-substantive grounds

relating to the extraterritoriality of New York law," and that "no finding was made in

Klein that the class was substantively deficient or incapable of class certification under

Rule 23."  (Opp'n Br., 13.)  Defendants contend, on estoppel grounds, that plaintiff

cannot be both part of the Klein class to trigger the application of American Pipe and *not*

part of the Klein class with regard to the courts' decisions on commonality and

extraterritoriality of New York's consumer protection law.  Essentially, then, defendants

argue that the decisions denying certification were substantive in nature, and should

extend to plaintiff and all other erstwhile members of the proposed settlement class in the

Klein litigation.

I agree that the decision not to certify was a substantive determination that the

class lacked commonality on Rule 23 grounds, with one qualification.  My reading of the

court's decision in Berkman, is that the Rule 23 commonality issue substantively barred

certification as to the fraud claims.  See Berkman, 841 N.Y.S.2d at 825 ("The need for

particularized proof of reliance and injury precludes certification since individual issues,

not common issues of the class, predominate.")  As to plaintiffs' breach of express

warranty and unjust enrichment claims, requiring proof of reliance, American Pipe is

therefore inapplicable.  See Yang v. Odom, 392 F.3d at 108 (reiterating that American

11

<u>Pipe</u> is not a mechanism for plaintiffs to "resuscitate a class that a court had held to be inappropriate as a class action."); <u>McKowan</u>, 295 F.3d at 386.  The <u>Berkman</u> court states without qualification that for causes of action requiring particularized proof of reliance, Rule 23 commonality is "the chief stumbling block to class certification."  <u>Berkman</u>, 841 N.Y.S.2d at 825.  Based on the threshold statute of limitations issue, defendants' motions must be granted to the extent their claims require particularized proof of reliance.

However, the <u>Berkman</u> court went on to state that respecting the causes of action based on New York's consumer protection statute (the General Business Law ("NYGBL") § 349), which does not require reliance, a nationwide class could not be certified because of territorial limitations of the statute.  <u>Id.</u>  ("To the extent that the proposed settlement seeks to include purchasers nationwide, the class cannot be sustained.  It may, however, be sustainable to the extent that the class is limited to those transactions in the state of New York.")  Arguably, this was not a Rule 23 determination as to the appropriateness of the *class itself* for certification, but rather it related to the adequacy of the lead plaintiff to serve as a class representative of a nationwide class.  <u>Id.</u>  The <u>Berkman</u> court clarifies that certification would be proper for a New York class, but the territorial limitation in the NYGBL made nationwide certification impermissible.  <u>Id.</u>  Therefore, <u>American Pipe</u> may apply to toll plaintiffs' claims to the extent they do not require individualized proof of reliance.  <u>See, e.g.</u>, <u>McKowan</u>, 295 F.3d at 386 (holding that tolling applies where earlier class certification denied not "because of any defects in

the class itself but because of [plaintiff's] deficiencies as a class representative").

B.      Count I: Pennsylvania Unfair Trade Practices and Consumer Protection Law

I have found that American Pipe cannot save plaintiffs' claims to the extent they are repetitive of those before the Berkman court when it held that commonality was lacking for claims requiring individualized proof of reliance.  However, in the interest of thoroughness, I will examine that portion of plaintiffs' allegations not addressed by the Berkman court's holding that only New York consumers had standing to act as class members in the previous action.  See Berkman, 841 N.Y.S.2d at 825.  This includes plaintiffs' claims brought under the UTPCPL.

        1.      Standing

Echoing the concerns voiced by the New York courts, defendants argue that, as citizens of Florida and New Jersey, plaintiffs lack standing to bring an action under Pennsylvania's consumer protection law.  "[S]tate consumer protection laws are designed to protect the residents of the state in which the statutes are promulgated."  Stone Street Servs. v. Daniels, No. 00-1904, 2000 U.S. Dist. Lexis 18904, at *5, *17 (E.D. Pa. Dec. 29, 2000) (declining to apply the UTPCPL in place of the Kansas consumer protection statute, where plaintiff consumer resided); Lyon v. Caterpillar, 194 F.R.D. 206, 218, n.17 (E.D. Pa. 2000) ("Several Eastern District of Pennsylvania courts have held that each class member would be subject to the consumer fraud statutes of his or her state of residence because that state would have the paramount interest in applying its laws to

13

protect its consumers."); <u>Baker v. Family Credit Counseling Corp.</u>, 440 F. Supp. 2d 392,

413-14 (E.D. Pa. 2006).  As non-Pennsylvania residents, defendants conclude, plaintiffs

have no standing to sue under the UTPCPL.  Plaintiffs' rather verbose argument to the

contrary focuses on the language of the statute, in the absence of guiding state court

authority on the question of extraterritoriality.  Defendants remark that "[u]sing Plaintiff's

logic, any statute's use of the term "person" should be read to evince extraterritorial

intent."  (Defs.' Reply, 13.)

Plaintiffs have failed to explain their position on extraterritoriality succinctly,

citing nothing more than their own favorable interpretations of the statutory language.  To

hold, absent any state authority on the issue, that Pennsylvania's law should have

extraterritorial effect, usurps the authority of the General Assembly and the state courts,

where discretion to these bodies weighs strongly in favor of the opposite result.  I will

therefore dismiss plaintiffs' claims under the UTPCPL for lack of standing.

### 2. *Particularity of Fraud Claims and Economic Loss Doctrine*

Defendants also contend that (1) plaintiffs have failed to specify with sufficient

particularity the "deceptive conduct" (including the required intent to mislead) to make

out her claim under the UTPCPL; and (2) that the UTPCPL claim for purely economic

damages arising from tortious misrepresentation is barred by the economic loss doctrine.

In another lengthy response, plaintiffs suggest they intended to plead under the "deceptive

conduct" prong of the catch-all provision of the UTPCPL because it "provides consumers

with more liberal grounds to sue, without the elements of fraud such as scienter and reliance."  Thus, the issue is whether or not the plaintiffs must allege intentional deceptive conduct.  Whether or not plaintiffs sufficiently pleaded the deceptive conduct claim, I do not reach this issue, having granted dismissal on defendants' standing argument.

On the issue of economic loss, plaintiff claims that the Third Circuit case relied upon by defendants to extend application of the doctrine to UTPCPL claims, Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002), has been undermined by subsequent Pennsylvania state court cases cabining its application.  Again, I need not reach this issue.

C.      Count II: Breach of Express Warranty–Failure to Allege Reliance

The commonality issue barring application of American Pipe to common law fraud claims is applicable to the breach of express warranty claims.  See Section A(2), supra; Berkman, 841 N.Y.S.2d at 825 (finding no commonality under Rule 23 where cause of action requires individualized showing of reliance).  Plaintiffs in the Klein litigation raised express warranty claims, which were held inappropriate for certification by the Berkman court on commonality grounds.  Id.  Therefore, these claims are time-barred. Because I have found that plaintiffs could have brought their claims to federal court within the statutory period, I will decline to apply equitable tolling to permit the claims to go forward.

Defendants also argue that while plaintiffs each claim to have "accepted and relied

upon the defendants' descriptions of the products in their labeling," they fail to "assert any causal link between [plaintiffs'] purported reliance and an ascertainable injury."  To defendants, plaintiffs' express warranty claims are nothing more than bald assertions that the elements of the claim exist, with not a shred of factual support–a "formulaic recitation of the elements of the cause of action" that "will not do."  <u>Twombly</u>, 127 S. Ct. at 1964-65.

  The fact that plaintiffs might have foregone purchasing Veggie Booty or Pirate's Booty had they known the true fat and caloric content does not fit the Supreme Court's baseline injury-in-fact requirements articulated in <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992).  This shortcoming alone makes it difficult to see how plaintiffs' allegations sufficiently plead a cause of action for breach of warranty, where reliance must in some way be traceable to a concrete injury.  Plaintiff cites scant, pre-<u>Twombly</u> authority for the proposition that a pleading which asserts damages as a "direct and proximate result" of another's conduct "is sufficient to allege causation."  <u>Weiler v. Smithkline Beecham Corp.</u>, 53 Pa. D. & C. 4th 449, 457 (Pa. County Ct. 2001).

  While purely an academic exercise in light of my finding that the breach of warranty claims are time-barred, I note that even at the 12(b)(6) stage, plaintiffs must plead facts sufficient to raise their claims above the speculative level.  <u>Twombly</u>, 127 S. Ct. at 1965.  At a minimum, stating a claim requires more than reciting the elements of a cause of action.  <u>Id.</u>

D.      Count III: Unjust Enrichment

The commonality issue barring application of American Pipe to plaintiffs' express warranty claims is equally applicable to claims of unjust enrichment, which would require plaintiffs to show individualized reliance.  See Section A(2), supra; Berkman, 841 N.Y.S.2d at 825.  Therefore, the unjust enrichment claims are time-barred.  In light of the fact that plaintiffs could have brought their claims to federal court within the statutory period, I will decline to apply equitable tolling to permit the re-litigation of these claims in yet another forum.

Citing Pennsylvania, New York and Florida law on the cause of action for unjust enrichment, defendants argue that, in general, plaintiffs have not alleged: (1) conference of a benefit by the purported class members, any one or all, (2) unjust receipt of a benefit by the defendants, and (3) a causal connection between reliance by the plaintiffs and any compensable injury.

On a general level, anterior to a choice of law discussion (which would be premature at this stage), I agree that the typical elements of an unjust enrichment claim are lacking, whether it be because plaintiffs cannot plead individualized reliance, because they fail to state a concrete injury, or because they have not plead that the benefit conferred (i.e. the price, or a price higher than the products were worth–inversely related to fat content) was unjustly retained.

17

**V.   CONCLUSION**

Based on the above discussion, I will grant defendants' motions to dismiss.  This is a case that has already been litigated for over six years.  There is no concrete injury, whether it be to the class representatives or cumulatively to the class as a whole.  Plaintiff asks a federal court to extend the territorial application of Pennsylvania law without any state authority to do so.  The pleadings overstep even the liberal bounds granted to plaintiffs, because they ask for highly speculative inferences about intent and consumer purchase decisions without any factual support.  More importantly, plaintiffs' complaints were filed after the applicable statute of limitations had expired, and I find no compelling reason to toll these statutory periods.  An appropriate Order follows.

As I have found all claims to be barred on statute of limitations and standing grounds, further amendment of the pleadings would be futile, and I will therefore direct the Clerk to close the three separate actions discussed jointly here.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RACHELLE LEVY,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| **v.** | : | **NO. 07-5502** |
| | : | |
| **KEYSTONE FOOD PRODUCTS, et al.,** | : | |
| | : | |
| Defendants | : | |
| **VICTOR ESSES,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| **v.** | : | **NO.  08-1277** |
| | : | |
| **KEYSTONE FOOD PRODUCTS, et al.,** | : | |
| | : | |
| Defendants | : | |
| **MELISSA VALLAS,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| **v.** | : | **NO.  08-1554** |
| | : | |
| **KEYSTONE FOOD PRODUCTS, et al.,** | : | |
| | : | |
| Defendants | : | |

## O R D E R

**STENGEL, J.**

     **AND NOW**, this 27th day of August, 2008, upon consideration of defendants'

Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) in Civ. A. No.

07-5502 (Document #25), Civ. A. No. 08-1277 (Document #3), and Civ. A. No. 08-1554

(Document #3), it is hereby **ORDERED** that the motions are **GRANTED**.

     The Clerk of the Court is directed to mark these cases **CLOSED**.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.